

# THE ATTORNEY GENERAL

# OF TEXAS

**AUSTIN 11, TEXAS**

**PRICE DANIEL**
ATTORNEY GENERAL

July 25, 1951

Hon. Austin F. Anderson
Criminal District Attorney
San Antonio, Texas

Opinion No. V-1219

Re: Whether Bexar County
may issue time war-
rants for purchase
of right of way.

Dear Mr. Anderson:

In your letter of June 27, 1951, you advise
us that Loop 13 is the name given to the highway that
connects the various military installations in and
around San Antonio, that the proposed link south from
Pratt, Texas, has never been completed although a
right of way has been purchased by the county on plans
submitted by the State Highway Department, and that
the Highway Department has now requested the purchase
of additional right of way by the county in view of
the expected traffic flow over the proposed link. You
further state that the county does not have funds on
hand with which to purchase the additional right of
way, and that it is desired to issue time warrants
therefor.

It appears that the following two orders
were enacted by the Bexar County Commissioners' Court
on May 25, 1951 (minutes omitted):

"It is ordered by the Court that hav-
ing been informed by person and by petitions
that the State of Texas and the Federal Gov-
ernment have made plans to widen and improve
U. S. Hwy. #81-Interstate Route from the
Austin Hwy. at Pratt to connect with the Ex-
press Highway in San Antonio, with the County
furnishing additional right-of-way of 110 Ft.
wide and approximately 3-3/10 miles long, so
that construction of Loop 13 and U. S. 81
South from Pratt to U. S. 90 by the State
Highway Department will be completed, that
in order to obtain said right-of-way, war-
rants may be issued, does hereby declare
that an emergency exists."

"It is ordered by the Court that in order to purchase right-of-way for additional right-of-way needed to complete Loop 13 and U.S. Hwy. 81 South from Pratt to U.S. 90, that an amount not to exceed $50,000.00 of Road and Bridge Warrants be issued to cover the purchase of said rights-of-way."

In view of these facts, you ask the following questions:

"1. May the Commissioners' Court issue $50,000.00 Road and Bridge Warrants as a National Emergency measure?

"2. If the first question is answered in the negative, under what conditions may such warrants be issued?"

In your letter of request you briefed the law points involved, and you came to the conclusion that such time warrants could not legally be issued without an election. We agree with your conclusion.

Section 1 of House Bill 106, Acts 51st Leg., R.S. 1949, ch. 36, p. 67 (Art. 2368f, V.C.S.), reads as follows:

"Section 1. In all counties having a population in excess of three hundred thousand (300,000) inhabitants according to the last preceding or any future Federal Census, the Commissioners Court shall have no authority or power to issue time warrants until and unless the same have been authorized by a majority vote of the qualified electors who own taxable property in the county and have duly rendered the same for taxation voting at an election therefor, such election to be held under the authority of and in accordance with the provisions of Chapter 1 of Title 22 of the Revised Civil Statutes of Texas of 1925. <u>Provided, that in case of public calamity caused by fire, flood, storm, or to protect the public health, or in case of unforeseen damage to public property, machinery or equipment,</u> the

Commissioners Court may issue such time
warrants in the aggregate amount of not
exceeding Fifty Thousand Dollars ($50,000)
during any one calendar year <u>as are neces-
sary to provide for the immediate repair,
preservation or protection of public prop-
erty, and the lives and health of the citi-
zens of the county without the necessity
of such election.</u>" (Emphasis added through-
out.)

Under the 1940 Federal Census, Bexar County
had a population of 338,176 inhabitants. The Final
1950 Federal Census gives the county a population of
500,460. There can be no doubt that Bexar County is
covered by the statute quoted above.

It is evident, under the statute, that any
time warrants issued by Bexar County must be voted
unless there is a situation that comes within one of
the exceptions specified therein. As you point out
in your letter, if one or more of the following three
exceptions:

a. In case of public calamity caused
   by fire, flood, storm,

b. To protect the public health, or

c. In case of unforeseen damage to
   public property, machinery, or
   equipment,

are present, then the Commissioners' Court, without
the necessity of an election, may issue time warrants
for the following purpose:

the immediate repair, preservation or
protection of public property, and
the lives and health of the citizens
of the county.

As to the first exception, the Supreme Court
of Texas, in the case of <u>Jones v. Williams</u>, 121 Tex.
94, 45 S.W.2d 130, 131 (1931), defined the word
"calamity" as follows:

" . . . The word 'calamity' indicates or supposes a somewhat continuous state, produced not usually by the direct agency of man, 'but by natural causes, such as fire, flood, tempest, disease,' etc."

The facts as presented show no public calamity present, and the orders of the Commissioners' Court show no such calamity. It certainly cannot be said that the right of way must be purchased because of fire, flood, or storm. There has been no public calamity as set forth in the statute.

As for the protection of the public health, we agree with you that the purchase of the right of way and the construction of the highway would not promote the public health. Of course, in a broad sense, an improved highway may ptotect the public health. However, we think that the statute clearly contemplates emergency conditions, such as epidemic or plague.

As to the third exception, you state that there is no known damage to public property, machinery, or equipment.

If any of the conditions outlined in the three exceptions are present, then time warrants may, without an election, be issued "for the immediate repair, preservation or protection of public property, and the lives and health of the citizens of the county." This purpose shows that the point of the exceptions is to permit the preservation of the status quo (as it existed prior to arrival of the emergency conditions set out in the exceptions). It is our opinion that neither the facts nor the orders of the Commissioners' Court show any such emergency condition.

You are advised, in answer to your first question, that the Commissioners' Court has no authority to issue the time warrants in question without an election as provided in Article 2368f.

In your second question, you ask under what conditions may such warrants be issued. Under the facts as presented, such warrants could be issued only after authorization by a majority vote of the

qualified property taxpaying voters at an election duly called and held as required by the statute.

The conclusions announced herein are entirely in harmony with those expressed by you in your very able brief.

## SUMMARY

Under the facts as submitted, the Commissioners' Court of Bexar County may not issue the time warrants in question for the purchase of right of way unless the same is authorized at an election called and held as provided in Article 2368f, V.C.S.

APPROVED:

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

GWS-s

Yours very truly,

PRICE DANIEL
Attorney General

By George W. Sparks
Assistant